IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ARTHUR CHASSER,

    Petitioner,          No. CIV S-06-1793 GEB GGH P

    vs.

PEOPLE OF THE STATE OF CALIFORNIA,[1]

    Respondent.          ORDER

/

        Petitioner, a former state prisoner proceeding pro se, has attempted to file a petition pursuant to 28 U.S.C. §2254. Petitioner has paid the filing fee.

        Petitioner seeks to challenge his Sacramento County Superior Court conviction upon a plea of no contest. Petitioner pled no contest to a single count of a lewd and lascivious act upon a child under fourteen years by engaging in oral copulation in a bedroom, in violation of

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). In the instant action, petitioner has named the People of the State of California as respondents. These individuals are not the proper respondents in this action. Petitioner, however, does not appear to be in custody at all and therefore is unable to name a proper respondent.

1

1  Cal. Penal Code § 288(a). Petition, pp. 1, 8. Petitioner, however, does not appear to meet the
2  threshold requirement of being in custody (and cannot name a proper respondent- see footnote 1),
3  as he avers that he has not only been released on parole but has also been discharged from parole.
4        Federal courts have jurisdiction to consider a habeas petition only when the
5  petitioner is "'in custody' under the conviction or sentence under attack at the time the petition is
6  filed." Fowler v. Sacramento County Sheriff's Dept., 421 F.3d 1027, 1033 n. 5 (9th Cir. 2005),
7  quoting Maleng v. Cook, 490 U.S. 488, at 490-91, 109 S. Ct. 1923, 1925 (1989). Petitioner
8  maintains that his being subject to the California sex offender registration requirement suffices to
9  satisfy the habeas custody requirement, relying on Jones v. Cunningham, 371 U.S. 236, 243, 83
10 S. Ct. 373, 377 (1963), as his sole authority for that proposition. Jones, however, does not
11 support petitioner's position but, instead, simply finds that the restraint of one's freedom
12 imposed by conditions of parole is sufficient to meet the habeas custody requirement.
13       The Ninth Circuit has found that California's sex offender registration
14 requirement does not of itself meet the "in custody" requirement, deeming the annual registration
15 requirement "merely a collateral consequence of conviction that is 'not [itself] sufficient to
16 render an individual 'in custody for the purposes of a habeas attack upon it.'" Henry v. Lungren,
17 164 F.3d 1240, 1242 (9th Cir. 1999), quoting Maleng v. Cook, supra, at 492, 109 S. Ct. at 1926.
18 Petitioner must demonstrate how this court has jurisdiction over his claim.
19       Accordingly, IT IS ORDERED that petitioner must, within 30 days of the filed
20 date of this order, show cause why his petition should not be dismissed on the jurisdictional
21 ground that petitioner does not meet the habeas custody requirement.
22 DATED: 11/1/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
chas1793.osc

2