IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ARTHUR CHASSER,

    Petitioner,                    No. CIV S-06-1793 GEB GGH P

    vs.

PEOPLE OF THE STATE OF CALIFORNIA,[1]

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        By Order, filed on November 1, 2006, petitioner, a former state prisoner proceeding pro se, was directed to show cause, within thirty days, why his purported petition pursuant to 28 U.S.C. §2254 should not be dismissed for this court's lack of jurisdiction.

        As noted in the prior order, petitioner seeks to challenge his Sacramento County Superior Court conviction upon a plea of no contest:

---

[1] The court noted earlier that "a petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). In the instant action, petitioner has named the People of the State of California as respondents. These individuals are not the proper respondents in this action. Petitioner, however, does not appear to be in custody at all and therefore is unable to name a proper respondent. See Order, filed on 11/1/06, n.1.

1

       Petitioner pled no contest to a single count of a lewd and lascivious act upon a child under fourteen years by engaging in oral copulation in a bedroom, in violation of Cal. Penal Code § 288(a). Petition, pp. 1, 8. Petitioner, however, does not appear to meet the threshold requirement of being in custody (and cannot name a proper respondent- see footnote 1), as he avers that he has not only been released on parole but has also been discharged from parole.

       Federal courts have jurisdiction to consider a habeas petition only when the petitioner is "'in custody' under the conviction or sentence under attack at the time the petition is filed." Fowler v. Sacramento County Sheriff's Dept., 421 F.3d 1027, 1033 n. 5 (9th Cir. 2005), quoting Maleng v. Cook, 490 U.S. 488, at 490-91, 109 S. Ct. 1923, 1925 (1989). Petitioner maintains that his being subject to the California sex offender registration requirement suffices to satisfy the habeas custody requirement, relying on Jones v. Cunningham, 371 U.S. 236, 243, 83 S. Ct. 373, 377 (1963), as his sole authority for that proposition. Jones, however, does not support petitioner's position but, instead, simply finds that the restraint of one's freedom imposed by conditions of parole is sufficient to meet the habeas custody requirement.

See Order, filed on 11/1/06, pp. 1-2.

       Petitioner was further informed that the Ninth Circuit has found that California's sex offender registration requirement does not of itself meet the "in custody" requirement, deeming the annual registration requirement "merely a collateral consequence of conviction that is 'not [itself] sufficient to render an individual 'in custody for the purposes of a habeas attack upon it.'" Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999), quoting Maleng v. Cook, supra, at 492, 109 S. Ct. at 1926. See Order, filed on 11/1/06, p. 2. In a timely response to the show cause order, petitioner has sought, but failed, to demonstrate how this court has jurisdiction over his claim.

       Petitioner relies on Brock v. Weston, 31 F.3d 887 (9th Cir. 1994), for the proposition that a state prisoner may challenge the constitutionality of a prior conviction at the completion of the sentence if the conviction enhances or serves as a predicate to a current confinement or restraint. However, in that pre-AEDPA[2] case concerning a petitioner's collateral

---

[2] Anti-Terrorism and Effective Death Penalty Act of 1996.

challenge to a prior conviction which was in part relied on to result in a confinement under the Washington Sexually Violent Predators Act, the Ninth Circuit noted where a petitioner was in custody, whether involuntarily committed or incarcerated on a subsequent conviction, that he could make a challenge to an expired prior conviction used as a predicate for a current commitment or an enhancement of a current conviction and sentence. Id., at 890-91. A later panel ruling suggests that the Brock decision was speaking specifically to a collateral review of an expired state conviction by way of a § 2254 petition challenging a state civil commitment predicated on the expired conviction. Contreras v. Schiltgen, 151 F.3d 906, 908 (9th Cir. 1998). Moreover, generally, if a prior conviction used to enhance a state sentence is fully expired in its own right, the defendant may, in a case in which he was represented by counsel, not collaterally attack a prior conviction through a § 2254 petition. Daniels v. United States, 532 U.S. 374, 383, 121 S. Ct. 1578 (2001); Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04, 121 S. Ct. 1567 (2001); Gill v. Ayers, 342 F.3d 911, 919 n.7 (9th Cir. 2003).

In any event, none of that speaks to petitioner's status; he is neither in custody on a civil confinement/commitment or on a criminal conviction. None of his contentions – that he is "perpetually restrained" as a result of the lifetime requirement under Cal. Penal Code § 190 that he register while residing in California; that he may be exposed on the internet; that, by virtue of his conviction under Cal. Penal Code § 288(a), he may not receive a certificate of rehabilitation; or that he may have difficulty obtaining employment – meet the "in custody" requirement for this court to have jurisdiction over his claims, and petitioner cites no statute or case authority in support of any such proposition. While petitioner filed a timely response to the show cause order, he has been unable to show cause why this petition should not be dismissed due to petitioner's failure to meet the jurisdictional "in custody" requirement.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

\\\\\

1       These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, petitioner may file written
4 objections with the court.  Such a document should be captioned "Objections to Magistrate
5 Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
6 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.
7 Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8 DATED: 6/22/07        /s/ Gregory G. Hollows

9        _____
       GREGORY G. HOLLOWS
       UNITED STATES MAGISTRATE JUDGE
10 GGH:009
chas1793.fr

4