IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM A. CHASSER, JR.,

    Petitioner,                    2:06-cv-1793-GEB-GGH-P

    vs.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.                 ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 11, 2007, judgment was entered in this court dismissing the petition. On January 28, 2008, petitioner filed a notice of appeal. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R .App. P. 22(b). Under Federal Rule of Appellate Procedure 22(b) upon the filing of a notice of appeal, "the district court judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."

        The timely filing of a notice of appeal is a jurisdictional requirement. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal following entry of judgment is thirty days. See Fed. R. App. P. 4(a). Petitioner's notice of appeal in this action was filed more than thirty days after entry of judgment.

1

1  The United States Court of Appeals for the Ninth Circuit has held that the
2  issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if
3  jurisdiction is not proper in that court. Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir. 1978).
4  The rationale of Hayward applies with equal force to a certificate of appealability. For these
5  reasons, the court declines to issue a certificate of appealability.

6  IT IS SO ORDERED.

7  Dated: February 22, 2008

```
                        GARLAND E. BURRELL, JR.
                        United States District Judge
```